# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JUNELL GACHETT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>C. McCABE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE No.   1:13-cv-00172-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### FIRST SCREENING ORDER

**I.　PROCEDURAL HISTORY**

Plaintiff Troy Junell Gachett, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 4, 2013 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

///////

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Corcoran State Prison ("CSP"). He suffers severe foot pain from bone spurs and flat feet. He alleges Defendants have been deliberately indifferent to his medical needs as follows:

Defendant Sisodia x-rayed Plaintiff's feet on September 24, 2012. She ordered insoles on November 24, 2012, and told Plaintiff that if they did not alleviate his pain,

she would order orthotic boots.

On December 6, 2012, Defendant Gill declined to send Plaintiff to a specialty clinic for orthotic boots, stating the boots were too expensive. Instead, Dr. Gill prescribed pain medication. Dr. Gill denied treatment on January 2, 2013. When no one came to get Plaintiff, Dr. Gill had a nurse attempt to show Plaintiff had refused treatment.

Dr. McCabe was notified of the above events via a 602 health care appeal.

Plaintiff names as Defendants (1) McCabe, M.D., Chief Medical Officer at CSP, (2) C. Sisodia, PA-C, (3) Dr. Gill, PA-C.

Plaintiff seeks monetary compensation and to be sent to the specialty clinic for orthotic boots.

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B. Exhaustion of Administrative Remedies

Plaintiff alleges his prison appeals were screened out.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548 U.S. 81 (2006).

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing he exhausted each level of prison appeal as to all named Defendants or that he was excepted from such exhaustion requirements.[1]

## C. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care, a violation of the

---

[1] See e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable).

-4-

Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004);

Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, - - - F.3d - - -, 2012 WL 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, - - - F.3d. - - -, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's allegation of chronic severe foot pain due to bone spurs and flat feet, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim. "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 947 F.2d at 1059–60.

However, Plaintiff has not alleged facts sufficient under the above standard to

claim deliberate indifference to his serious medical needs. Nothing before the Court suggests any Defendant knowingly disregarded an excessive risk of harm and acted in a medically unacceptable manner. Plaintiff had ongoing access to Defendants and received treatment for his complaints, even though he apparently disagrees with the treatment provided.

That Defendant Gill told Plaintiff orthotic boots were too expensive is not alone sufficient to claim deliberate indifference. Generally treatment decisions based on budgetary concerns do not shield prison officials from liability for deliberate indifference, Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986), absent showing of a lack of resources the official could not cure. Peralta v. Dillard — F.3d —, 2013 WL 57893 at *4 (9th Cir. January 7, 2013). However, the facts here do not suggest deliberate indifference based on denial of orthotic boots. Othotic boots were merely discussed as a potential treatment option. No Defendant or medical practitioner prescribed orthotic boots as the only acceptable alternative. Defendants treated Plaintiff with pain medication and special insoles.

Plaintiff's allegation of chronic foot pain is distressing, but the Court is not in a position to substitute its judgment for that of prison medical staff. An inmate's mere disagreement with treatment not shown to be medically unacceptable is not a basis for claiming deliberate indifference.

Plaintiff fails to state a claim for inadequate medical care. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth true facts (not merely suspicion or surmise) plausibly claiming,

in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed February 4, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 14, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE